## In re BROOKS.

### No. 60105.

District Court, D. Massachusetts.

Jan. 14, 1938.

934

Harry Zarrow, of Worcester, Mass., for trustee in bankruptcy.

Charles W. Lemaire, of Worcester, Mass., for adverse claimant.

McLELLAN, District Judge.

The correctness of the referee's "Order on Turn Over Petition," dated August 28, 1937, is here involved. The referee's certificate and his order constitute the record on which the parties were heard.

Meyer H. Remmer of Worcester, the trustee in bankruptcy, filed a petition for a summary order on Michael Brooks, the bankrupt, to turn over a $2,000 deposit with the Guaranty Bank & Trust Company standing in the name of Michael Brooks, trustee. The signature card shows that the account was opened April 9, 1935, by "Michael Brooks, Trustee for Celia Dworman." Celia S. Dworman, administratrix of the estate of Barney Dworman, appeared before the referee and asserted that the referee was without summary jurisdiction.

There was evidence before the referee that Michael Brooks, the bankrupt, used the account referred to above for the deposit and withdrawal of moneys used in his business and having no relation to Celia Dworman, and that the bankrupt treated this account as his own business account.

On April 7, 1936, one of the bankrupt's creditors sued him and trusteed the Guaranty Bank & Trust Company. On May 8, 1936, Celia S. Dworman, as administratrix of the estate of Barney Dworman, filed in that action a "Claimant's Petition" under Massachusetts General Laws (Ter. Ed.) c. 246, § 33. On the same day the court ordered notice to issue to the plaintiff and Celia S. Dworman returnable on May 23. Two days later the plaintiff filed an appearance and answer under the statute. Subsequently the court found for the plaintiff in the sum of $1,040.79, and the plaintiff filed a motion to charge the trustee on its answer. Thereupon Celia S. Dworman, administratrix as aforesaid, filed a petition for reduction of the attachment, returnable January 18, 1937, but previously, on January 14, 1937, the defendant, Brooks, was adjudicated a bankrupt. The trustee in bankruptcy later filed an appearance in the court where the foregoing action was pending, as did his attorneys, who filed a motion that Remmer, as trustee in bankruptcy, be made party defendant. No further proceedings were had in that court.

Celia S. Dworman, administratrix as aforesaid, asserted before the referee that the issue should be tried in the state court, or at least that the referee had no summary jurisdiction. The referee concluded that to the extent of the amount of the judgment for $1,040.79, the ownership of the trusteed funds is within the state court's jurisdiction. The attachment having been made more than four months before bankruptcy, no one complains of this portion of the referee's order, and its correctness is not in issue. See Taubel-Scott-Kitzmiller Company, Inc. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770.

As to the excess of the deposit over the amount of the judgment Celia S. Dworman, administratrix, and the trustee in bankruptcy are at issue. They are the only parties to the controversy. The attaching creditor was perfectly willing that the matter be heard before the referee, who concluded that as to the $959.21, or the excess after satisfaction of the attaching creditor's judgment, he had summary jurisdiction. He decided this only, and left the determination of the substantive issues between the parties until this matter is determined.

This is not a case where the chose in action is in the possession, actual or constructive, of an adverse claimant. Originally the bankrupt had the legal title to and the control over the deposit. He is the only person who could have withdrawn it. The claimant's right, if any, must originally have been worked out through or against him. Then came the attachment, and, when the debt which it secured was determined, the trustee in bankruptcy came into possession, actual or constructive, of the chose in action for the balance. As stated in Brown's Guide— Federal and Bankruptcy Practice, § 334, where the authorities are collected: "The Bankruptcy Act makes a jurisdictional distinction between controversies between trustees and adverse claimants at law and

in equity, and controversies arising in bankruptcy proceedings. It gives jurisdiction only of the latter to the bankruptcy court; the former must be litigated in courts of general jurisdiction. A controversy at law or in equity arises when the property in controversy is in the possession of an adverse claimant when the bankruptcy petition is filed. It must be litigated by a plenary suit. A controversy arises in bankruptcy proceedings when the property in controversy is in the possession, actually or constructively, of the bankruptcy court. It may be disposed of summarily by the referee in bankruptcy."

The referee has jurisdiction to determine in a summary proceeding the claimant's rights, legal or equitable, to the balance of the deposit, and his order to that effect is affirmed.